FILED'09 JUL 16 07:40USDC-ORE

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **ELIZABETH D. CRONIN,** | Case No. 6:09-cv-146-AA |
| Plaintiff | |
| v. | |
| **I-FLOW, CORPORATION,** a Delaware Corporation, | **CASE MANAGEMENT ORDER REGARDING COORDINATION OF CERTAIN EXPERT WITNESS DISCOVERY DEPOSITIONS** |
| Defendant. | |

This Case Management Order relates to discovery depositions of expert witnesses whose testimony the proffering party stipulates will not change from case to case, irrespective of the individual facts of a specific case. The parties to this litigation agree that the unnecessary duplication of discovery depositions of such expert witnesses should be avoided to the extent possible. In order to ensure that such depositions will not be unnecessarily repeated, the parties agree, and the Court hereby orders:

1. **Expert Witness Designation or Disclosure**

   Any party who proffers a non case-specific ("generic") expert witness shall do so in a writing sufficient under FRCP Rule 26 that states that the expert's testimony is generic.

   The proffering party shall be deemed to have agreed that the generic expert's direct trial testimony, if any, will not go beyond the four corners of the FRCP Rule 26 Report of that expert and the deposition testimony given by the expert pursuant to the terms of this Order.

   The proffering party shall make the generic expert available for a deposition by the opposing parties as set forth below.

2. **Scheduling of Deposition**

   A discovery deposition of any generic expert shall be scheduled not fewer than 30 days after service on each adverse party of the expert's FRCP Rule 26 Report. The proffering party

Page 1 - CASE MANAGEMENT ORDER REGARDING COORDINATION OF CERTAIN
EXPERT WITNESS DISCOVERY DEPOSITIONS                              98044_1.DOC

shall provide more than one available date and will consult in good faith regarding the date, time and place of the deposition. All interested parties shall make reasonable efforts to cooperate to appear for the deposition on one of the expert's available dates.

3.  **Cross-Noticing of Deposition**

The discovery deposition of any generic expert may be cross-noticed by the proffering party. If the proffering party chooses to cross-notice the deposition, it shall consult, as above, with designated lead counsel for each interested party to each action in which the deposition is cross-noticed.

4.  **Taking of Deposition**

Any discovery deposition taken pursuant to the terms of this Order shall continue until each interested party has had an adequate opportunity to explore the expert's opinions and the bases therefore. The parties shall avoid duplicative questioning and shall appoint one lead lawyer to question about areas of common interest. For each deposition that exceeds seven hours, the parties shall notify the Court of that fact and indicate the length of the deposition. The provisions of the Federal Rules of Civil Procedure shall govern the parties' respective rights and obligations with regard to suspension or completion of the deposition.

5.  **Use Of The Deposition At Trial**

The deposition testimony of any expert pursuant to this Order shall be taken pursuant to Fed. R. Civ. P. 26(b)(4)(A) and (C) and Fed. R. Civ. P. 30(c) and will be admissible at hearings or at trial for any purpose permitted by the Federal Rules of Evidence.

6.  **Additional Or Supplemental Deposition**

No additional or supplemental deposition may be taken of any generic expert witness whose deposition has been taken pursuant to the terms of this Order, by any interested party who had fair and adequate notice of, and opportunity to coordinate with other counsel in, the taking of the original deposition, unless the party makes a showing of good cause for the additional or supplemental deposition, except as set forth in the following section.

7.  **Limited Deposition Under Certain Circumstances**

In the event that a party who has proffered any generic expert witness whose deposition was taken pursuant to the terms of this Order, determines that the opinions or bases for the expert's opinions have changed, been expanded or modified in any respect since the conclusion of the discovery deposition, the party shall give notice to all interested parties in the subsequent action(s), that the opinions or bases of the expert's opinions have changed, been expanded or modified, and shall make the expert available for a limited deposition solely to allow full and complete non-duplicative discovery of the changes, expansion or modification of the expert's opinions and supporting data. This provision shall not apply to the expert's reference to new scientific literature that is relevant to the expert's previously expressed opinions.

Absent strict compliance with this section, the testimony of the expert in any subsequent action shall be limited to the opinions contained in the original Fed. R. Civ. P. 26 Report and the original deposition testimony given by the witness in the prior action and/or proceeding.

8.  The parties reserve the right to take videotaped preservation depositions of their generic experts in the future.

IT IS SO ORDERED.

DATED: this __14__ day of July, 2009

_____
Ann L. Aiken
Chief United States District Judge